UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROWENA JAMES, ) | |
| ) | |
| Plaintiff, ) | Case: 1:25-cv-03121 |
| ) | |
| v. ) | |
| ) | |
| THE UNIVERSITY OF CHICAGO ) | |
| MEDICAL CENTER, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Rowena James ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against The University of Chicago Medical Center ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA"), seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**PARTIES**

7. At all times material to the allegations of this Complaint, Plaintiff, Rowena James, resides in Cook County, in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, The University of Chicago Medical Center, is a corporation doing business in and for Cook County whose address is 5700 Maryland Avenue, #TN206, Chicago, Illinois 60637.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

**BACKGROUND FACTS**

11. Plaintiff was hired by Defendant as Customer Service Representative from in or around June 2000.

12. Plaintiff excelled in her role, and was promoted to Customer Service Representative Lead in or around 2004.

13. Plaintiff was employed in this capacity until her unlawful demotion on or about January 21, 2025, on the basis of her disability.

14. Plaintiff suffers from a serious physical impairment that substantially limits major life activities.

15. Specifically, Plaintiff has been diagnosed with gout, eye degeneration, and End-Stage Kidney Disease, all serious medical conditions that require ongoing treatment and accommodations.

16. These conditions result in debilitating symptoms, including but not limited to joint pain, swelling, blurred and distorted vision, severe fatigue and weakness, nausea, fluid retention, muscle cramps, hypertension, and shortness of breath.

17. Regardless of Plaintiff's disability, she was qualified and able to perform the essential functions of her job, with or without reasonable accommodation.

18. In or around June 2024, recognizing her medical needs, Plaintiff applied for intermittent FMLA in order to attend necessary treatments, including dialysis appointments.

19. By mid-November 2024, Plaintiff provided Defendant with a note from her physician requesting a reasonable accommodation to allow Plaintiff to work from home due to her medical conditions.

20. Shortly after providing this note to Defendant, Plaintiff was informed that she would need to step down from her supervisory role as Customer Service Representative Lead to a subordinate Customer Service Representative role, an unmistakable and retaliatory demotion.

21. This demotion was not only unjustified but resulted in a significant loss of pay and benefits for Plaintiff, further exacerbating the financial and emotional toll of her medical condition.

22. In addition to being unprompted, this demotion constituted unlawful retaliation in response to Plaintiff's request for reasonable accommodation.

23. Defendant's actions were not based on performance or business necessity, but rather were direct retaliation against Plaintiff for requesting a reasonable accommodation.

24. Instead of engaging in an interactive process, as required by law, Defendant sent Plaintiff an application to re-apply for the very role she had already held before her promotion in 2004.

25. On or about January 11, 2025, Plaintiff received an inexplicable rejection letter from Defendant, denying her application for the Customer Service Representative position, despite her years of experience and qualifications.

26. Plaintiff, confused and deeply concerned about her future, sought clarification from Defendant.

27. Plaintiff's inquiries were met with silence.

28. Then, on or about January 21, 2025, Defendant sent Plaintiff an offer letter confirming her forced demotion, which came with a significant reduction in both pay and benefits.

29. Adding insult to injury, this demotion stripped Plaintiff of all her accrued time off, leaving her unable to attend critical medical appointments necessary to manage her condition.

30. Plaintiff was a loyal employee and worked for Defendant for more than two

decades, offering exemplary service.

31. Rather than providing the reasonable accommodation Plaintiff rightfully requested, and that would not have been an undue burden on Defendant, Defendant retaliated against Plaintiff by coercing her into a demotion.

32. Defendant entirely failed to engage in the legally required interactive process to explore potential accommodations that would have allowed Plaintiff to continue in her role.

33. Instead of working collaboratively with a long-standing and capable employee, Defendant callously chose demotion.

34. Plaintiff had no history of disciplinary actions or performance issues, further proving that Defendant's decision was not based on merit but on a blatant unwillingness to accommodate Plaintiff's disability.

35. Plaintiff's request for accommodations related to her disability was legally protected activity.

36. Defendant's decision to demote Plaintiff was not based on merit, but rather on Defendant's unwillingness to accommodate Plaintiff, and in retaliation for Plaintiff engaging in protected activity.

37. Ultimately, on or about January 21, 2025, Plaintiff was forced into a demotion on the basis of Plaintiff's disability and for engaging in protected activity as described above.

38. Plaintiff is currently employed in this capacity, and her lost wages accumulate daily.

**COUNT I**
**Violations of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

39. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

40. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

41. Plaintiff met or exceeded performance expectations.

42. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

43. Defendant demoted Plaintiff on the basis of Plaintiff's disability.

44. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

45. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

46. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

47. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Americans with Disabilities Act**
**(Failure to Accommodate)**

48. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

49. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of the

Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq

50. Plaintiff is a qualified individual with a disability.

51. Defendant was aware of the disability and the need for accommodations.

52. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

53. Plaintiff's reasonable accommodations that were requested was not an undue burden on the Defendant.

54. Defendant did not accommodate Plaintiff's disability.

55. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

56. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

57. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life

## COUNT III
### Violation of Americans with Disabilities Act
### (Retaliation)

58. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

59. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, et seq.

60. During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations due to her physical disabilities.

61. As such, Plaintiff engaged in protected conduct and was protected against

unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

62. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of disability-based harassment or discrimination.

63. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained of by Plaintiff.

64. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

65. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

66. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

67. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay;

    b. Payment of interest on all back pay and benefits recoverable;

    c.    Front pay;

    d.    Loss of benefits;

    e.    Compensatory and punitive damages;

    f.    Reasonable attorneys' fees and costs;

    g.    Award pre-judgment interest if applicable; and

    h.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 24th day of March, 2025.

*/s/ Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

*/s/ Sophia Steere*
**SOPHIA STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575 - 8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*